### ZINIS v DARSKY et

Ohio Appeals, 7th Dist, Mahoning Co

No 2511. Decided Dec. 20, 1938

(Montgomery, PJ, Sherick and Lemert, (5th Dist.) sitting by designation).

Morris Mendelssohn, Youngstown, and M. A. Del Bene, Youngstown, for plaintiff-appellee.

Manchester, Ford, Bennett & Powers, Youngstown, for defendant-appellants.

## OPINION

By SHERICK, J.

This is an action for damages predicated upon the purchase and partial consumption of a bottle of non-intoxicating beverage, known as "Kola". It is shown to have contained a substance deleterious to plaintiff's health, to-wit: particles of glass.

Upon trial, the jury returned a verdict in the sum of $2500.00. A motion for a new trial was filed. This the court overruled upon condition that plaintiff accept a remittitur of $1,000.00, which was done, and judgment was accordingly entered for $1500.00. Defendants appeal therefrom and complain thereof in four respects. It is urged that the judgment is excessive, and that the verdict manifests passion and prejudice; and by reason whereof the trial court erred in its failure to sustain their motion for a new trial.

The assignment of error complains of iniquity in the general charge. This objection is, however, now abandoned; and in lieu thereof it is at present urged that the trial court committed prejudicial error in the giving of plaintiff's special request before argument. Examination of the record evidences that defendants did not make an objection thereto. Such being the state of the bill of exceptions, the matter of error in the charge of the court must be and is disregarded.

Inasmuch as the first three claims are inter-related, we shall consider such conjunctively. It is evidenced that plaintiff's husband purchased for her a bottle of appellant's beverage. It was contained within its original package. The bottle was of a dark brown color. It contained particles of glass. After drinking a portion, plaintiff discovered solid substances in her mouth and throat, both of which were cut. She expectorated blood. She became ill and was confined to her bed for a period of two weeks and for several months was about the home but unable to perform her household duties. She was under a doctor's care for the greater part of a year. She suffered convulsions along with mental anguish. Her stool evidenced blood. Her physician testifies that without doubt her bowels were cut in numerous places by the passing glass. She lost twenty-three pounds in weight, only a portion of which has been recovered. She is as yet unable to perform some of her more strength requiring duties.

If the evidence before this jury engendered passion and prejudice and actually actuated it in the rendition of an excessive or unwarranted verdict, a new trial should have been granted. Our dispassionate reading of the record, however, convinces us of a dirth of any such testimony which would tend to disturb the fairness of an impartial jury other than such as is usually found in cases of this character, and by which we would be understood to mean the revolting reaction created within a normal person upon the recounting of a story of the serving of unwholesome food to another.

Plaintiff's evidence clearly establishes a right to recover damages. This, the appellants tactily admit, for they but question the amount. It is shown that this glass in passing through her digestive tract actually caused injury and illness and mental anguish. Perhaps one of less sensitive nature might have more quickly recovered, but not this plaintiff. We are of like opinion as the trial court, in that the judgment was excessive, but to our notion the verdict has been sufficiently purged of its excessiveness by the remittitur entered. Finding nothing shocking within the judgment permitted to be entered, and recognizing the advantage possessed by the trial court, we ought to and do now indulge the very reasonable presumption of the correctness of the trial court's conclusion and affirm the

judgment without citation of precedent, which is readily obtainable.

MONTGOMERY, PJ, and LEMERT, J, concurring.